UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA RODRIGUEZ, ) | |
| Individually and On Behalf of a Class, ) | |
| ) | |
| PLAINTIFF, ) | Case No.: |
| ) | |
| v. ) | |
| ) | |
| RUSHMORE LOAN MANAGEMENT ) | |
| SERVICES LLC, ) | |
| ) | |
| DEFENDANT. ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Patricia Rodriguez, brings this action individually and on behalf of a class to secure redress for relief against Defendant Rushmore Loan Management Services LLC alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

## VENUE AND JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplementary jurisdiction, if any, arises under 28 U.S.C. § 1367.

2. Venue in this District is proper as to Defendant Rushmore Loan Management Services LLC because Defendant transacts business here and the debt collection activity upon which this Complaint is based was performed here.

## PARTIES

3. Plaintiff, Patricia Rodriguez, ("Mrs. Rodriguez" or "Plaintiff") is a natural person and resident of Cook County, Illinois, from whom Defendant Rushmore Loan Management Services LLC attempted to collect a defaulted consumer debt, allegedly

1

owed for a defaulted mortgage loan originated with Citicorp Trust Bank, FSB. Mrs. Rodriguez is thus a "consumer" as defined by 15 U.S.C. § 1692a(3) of the Fair Debt Collection Practices Act ("FDCPA").

4. Defendant Rushmore Loan Management Services LLC ("Rushmore" or "Defendant") is a mortgage servicer that has a principal office at 15480 Laguna Canyon Road in Irvine, California and is a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail, litigation and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts due or owed or asserted to be due or owed another.

5. Rushmore began servicing the defaulted mortgage loan after Plaintiff was alleged to have defaulted on the same.

## STANDING

6. Plaintiff has standing because she has suffered an injury-in-fact as the result of Defendants' actions. Specifically, Defendants each have misrepresented the amount of the alleged debt that each have attempted to collect, which is enough to establish Article III standing despite the fact that she never paid the illegal amounts sought. *See*, *e.g.*, *Keele v. Wexler*, 149 F.3d 589, 593-594 (7th Cir. 1998).

7. Defendant's communications have resulted in a substantial risk of harm to Plaintiff, and would also create such risk to an unsophisticated consumer. Had Plaintiff paid the illegal amounts sought, she would have either paid more than the total amount actually owed on the alleged debt, to her detriment. Thus, the wrongly-stated amounts sought as being due created a real risk of harm in the form of potential overpayment of the alleged debt. Plaintiff would have based her decision to pay based on erroneous

information—information which could have affected her decision, and ability, to pay the alleged debt.

8. Because Defendant's misrepresentations as to the amounts owed deprived Plaintiff of accurate material information that posed a risk of real harm, she satisfies the concrete-harm requirement. *See*, *e.g.*, *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258, at *14-16 (N.D. Ill. July 11, 2016).

## **FACTS**

9. According to Defendant, Mrs. Rodriguez defaulted on a mortgage loan and thus incurred a debt ("alleged debt"). The debt was incurred in connection with a personal, non-business mortgage loan that Mrs. Rodriguez obtained for purchase of her primary residence, and thereafter said loan was allegedly transferred to Christiana Trust. The debt was thus incurred for personal, family, or household purposes. The debt she incurred is thus a debt as that term is defined by § 1692a(5) of the FDCPA.

10. Specifically, according to Defendant, Mrs. Rodriguez failed to make payments toward the alleged debt.

11. The alleged debt went into default before Rushmore began servicing it on behalf of Christiana Trust.

12. Rushmore was authorized to attempt to collect the alleged debt on behalf of Christiana Trust.

13. On January 5, 2016, Christiana Trust, through BSI and its attorneys Codilis & Associates, PC, filed a lawsuit against Mrs. Rodriguez in an attempt to collect the alleged debt. The Complaint was styled as *Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust v.*

3

*Patricia Rodriguez et al*, case # 2016 CH 000100 in the Circuit Court of Cook County, Illinois ("State Action").

14. The complaint filed in the State Action indicates that Plaintiff did not pay a monthly installment on March 1, 2015, and did not pay any installments thereafter. (Exhibit A, Complaint).

15. On or around August 11, 2017, Defendant mailed Plaintiff a "Mortgage Statement". (Exhibit B, Statement).

16. The mortgage statement dated August 11, 2017 did not contain or list an amount due that Plaintiff was obligated to pay to reinstate the note and/or mortgage at issue.

17. The mortgage statement states an "Amount Due" of $56,858.05. (Exhibit B, Statement).

18. The mortgage statement states a "Payment Due Date" of September 1, 2017. (Exhibit B, Statement).

19. The mortgage statement also reads that "if payment is received after 9/16/2017, a $67.21 late fee will be charged. (Exhibit B, Statement).

20. The mortgage statement was mailed after the subject loan had been accelerated and after demand had been made upon Plaintiff for the full amount due under the subject loan.

21. At no time did Plaintiff seek reinstatement of the subject loan, note, and mortgage.

22. Rushmore cannot legally impose late charges for failure to make monthly payments after the loan has been accelerated, as in this case. *Rizzo v. Pierce & Assocs.*,

4

351 F.3d 791, 793 n.1 (7th Cir. 2003) (citing sixteen cases for the proposition that "a lender cannot demand payment of late fees for failure to make monthly payments after the loan has been accelerated").

23. While a note may provide for a lender to collect late charges when an installment is not received by a due date, those installments are no longer "due" after the lender has accelerated the note and made demand upon the borrower.

24. Rushmore's statement that late fees will be imposed in the event of non payment of the amount sought is deceptive, false and misleading, as late fees cannot be imposed in a case like this where the loan has been accelerated and no reinstatement is sought.

25. Section 1692e of the FDCPA provides as follows:

**§ 1692e.  False or misleading misrepresentations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**…**
**(2)  The false representation of—**
**(A)  the character, amount, or legal status of any debt; or**
**(B)  any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**

**…**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**

**…**
**(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

5

26. Defendant violated §§ 1692e, e(2)(A), e(2)(B), e(5) and e(10) of the FDCPA when it made false, deceptive, and/or misleading representations in the connection with the collection of a debt.

27. Defendant violated § 1692e and e(2)(A) of the FDCPA when it made false, deceptive, or misleading representations in communications mailed to Plaintiff as to the amount of debt owed by Plaintiff, as the amount could not legally include late fees, and the threat to impose said fees was false, as was the amount stated as due.

28. Defendant violated § 1692e(5) of the FDCPA by threatening to impose late fees when late fees could not legally be imposed, and/or when it did not intend to impose late fees as the debt was accelerated and Plaintiff had not sought reinstatement.

29. Defendant violated § 1692e(10) of the FDCPA by falsely and deceptively threatening to impose late fees in order to induce Plaintiff to pay a debt when in fact such late fees were not legal.

30. Section 1692f of the FDCPA provides as follows:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

31. Defendant violated 1692f and f(1) by attempting to collect amounts from Plaintiff that were not authorized by the agreement creating the debt or permitted by law, namely a "late fee".

32. Defendant repeatedly mailed letters to Plaintiff that threatened the imposition of late fees, having mailed letters to Plaintiff on or around September 12, 2017 (Exhibit C, Statement) and also on or around October 11, 2017 (Exhibit D, Statement)—

6

in addition to the letter mailed by Defendant on or around August 11, 2017, referenced above.

34. Neither the mortgage statement dated September 12, 2017 nor the mortgage statement dated October 11, 2017 contained or list an amount due that Plaintiff was obligated to pay to reinstate the note and/or mortgage at issue.

35. Defendant in fact threatened, then imposed, late fees on Plaintiff's alleged debt that could not legally be imposed.

36. Defendant's collection communications and activities are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

### I. CLASS COUNT

37. Plaintiff incorporates by reference the paragraphs above as if set forth fully in this Count.

38. By threatening the collection of late fees and thereafter attempting to collect the same, Defendant violated §§ 1692e, e(2)(A), e(2)(B), e(5), e(10) and f of the FDCPA.

39. The Mortgage Statements attached as Exhibits B, C, and D, which threaten the imposition of late fees i) after a defaulted loan has been accelerated and ii) where reinstatement has not been sought nor a reinstatement amount communicated, violate the FDCPA: while a note may provide for a lender to collect late charges when an installment is not received by a due date, those installments are no longer "due" after the lender has accelerated the note and made demand upon the borrower where the borrower had not sought reinstatement.

40. Plaintiff brings this action individually and as a class action. The class consists of (a) all individuals (b) with addresses in Illinois, (c) to whom Defendant mailed a "Mortgage Statement" in the form of that contained in the attached Exhibits B, C and D, stating that "a late fee will be charged" (d) where Defendant had previously accelerated the loan, e) the borrower had not sought reinstatement of the loan, and f) the Statement did not contain a reinstatement amount.

41. The members of the class are so numerous that joinder of all is not practicable.

42. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

43. The Class consists of more than 40 persons from whom Defendant attempted to collect delinquent consumer debts, by mailing the type of statement that was mailed to Plaintiff.

44. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

45. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.

46. Plaintiff has retained counsel experienced in class action litigation brought under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class defined above, and against Defendant, for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo

Mario Kris Kasalo
THE LAW OFFICE OF M. KRIS KASALO, LTD.
20 North Clark Street, Suite 3100
Chicago, IL 60602
(312) 726-6160 (TELE)
(312) 698-5054 (FAX)
Mario.kasalo@kasalolaw.com

## JURY DEMAND

Plaintiff, on behalf of a class, demands a trial by jury.

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo